KENNEMORE *v.* ROBBINS.

5-316                                                         266 S. W. 2d 64

Opinion delivered March 29, 1954.

*Claude F. Cooper* and *Mitchell Moore,* for appellant.

*Bruce Ivy,* for appellee.

ED. F. McFADDIN, Justice. Appellant sought a lien (under § 51-601 *et seq.* Ark. Stats.) on certain property belonging to appellees. From a decree denying the lien, there is this appeal.

In September, 1950, the appellees, Robbins, *et al.,* made a contract in writing with Lowell Dickson, whereby Dickson was to furnish the labor and materials and to construct and paint some houses for the appellees. In October, 1950, Dickson employed the appellant, Kennemore, to paint the houses at a total price of $1,170.00.

Kennemore performed his contract and received $400.00 from Dickson, and then filed the lien claim, here involved, for the balance of $770.00. Among other defenses, the appellees pleaded and offered evidence of estoppel; and their testimony on that issue—the determinative one—is substantially as follows:

That before Kennemore began the painting work, he was in the store of the appellees, and they directly inquired of him as to whether they should withhold any money from their contract with Dickson and pay same to Kennemore for the paint job; that Kennemore then told appellees that Dickson was constructing a house for Kennemore, or one of his employees; that Kennemore and Dickson were going to "swap-out"; that Dickson would get his pay for the Robbins painting job by crediting the same on the Kennemore house job; that the appellees need not hold back any money on their contract with Dickson in order to pay Kennemore for the paint job; that at the time Kennemore made these statements, the appellees had several thousand dollars still due Dickson on their contract; and that because of Kennemore's statements, the appellees paid Dickson the full contract price long before Kennemore attempted to assert the lien here involved.

As aforesaid, the Chancery Court rendered a decree adverse to Kennemore; and on this appeal he questions (a) the correctness of the evidence of the appellees, and (b) the sufficiency of such evidence on which to base an estoppel.

I. *The Preponderance of the Evidence.* The burden was on the appellees to prove the facts constituting their claims of estoppel, since it is conceded that the materials had been furnished and the lien notice filed within the statutory time. *Davidson* v. *Reiff*,[1] 123 Ark. 620, 186 S. W. 818. Four witnesses—the three appellees and one of their employees—testified to the statements made by Kennemore in the conversation as heretofore detailed. Kennemore admitted that he was in the ap-

[1] This opinion is not reported in full in the Arkansas Reports, but may be found in the Southwestern Reporter.

pellees' place of business and that they had some kind of conversation; but he claims that it was different from that testified to by the appellees and their witnesses. Dickson testified that he knew nothing of the Kennemore-Robbins conversations; and that Kennemore never told him of any such conversations.

With the testimony in such irreconcilable conflict on the factual issue, we cannot say that the Chancellor's decision is against the preponderance of the evidence. Therefore we cannot reverse on the facts.

II. *Estoppel.* In 57 C. J. S. 803 *et seq.,* Mechanic's Liens, § 229-230, the general rules on estoppel against the assertion of a mechanic's lien are stated as follows:

"As a general rule a person entitled to a mechanic's lien may be estopped to assert or enforce it by any act which would render it inequitable for him to do so . . . A sub-contractor, materialman, or laborer, is estopped to assert a mechanic's lien where the owner has settled with the contractor, or made payments to the contractor or subcontractors, in reliance on a representation, statement or direction by the sub-contractor, materialman, or laborer, that he has been paid."

See also Annotation in 155 A. L. R. 350 on "Estoppel of Mechanic's lien claimant as predicable upon his representations to owner as to payment made to claimant by contractor or sub-contractor." See also note in Ann. Cas. 1916D 1068: "Representations of sub-contractor inducing payment to contractor as estopping former from claiming mechanic's lien."

We have several cases in this jurisdiction which recognize that a potential lienor may estop himself by making statements which are relied on by the owner. In *Davidson* v. *Reiff,* 123 Ark. 620, 186 S. W. 818, the Court found the facts to be against the alleged estoppel but recognized that an estoppel could exist under such a situation. In *Hot Springs Golf & Country Club Assn.* v. *Community Bank & Trust Co.,* 182 Ark. 715, 32 S. W. 2d 427, the Court recognized the possibility of estoppel but denied its application because there was no evidence

that the alleged statements had been relied on to the prejudice of the party pleading the estoppel.

In the case at bar, however, the appellees testified —and the Court by the decree inferentially found—that the statements were made by Kennemore and were relied on by the appellees, who paid the full price of the Dickson contract long before they learned that Kennemore was denying his alleged statements to them. Thus a promissory estoppel was established in the case at bar, just as in *Peoples Nat'l Bank of Little Rock* v. *Linebarger,* 219 Ark. 11, 240 S. W. 2d 12.

The decree is affirmed.