DEGEN *v.* ACME BRICK CO.

5-1531                                              312 S. W. 2d 194

Opinion delivered April 14, 1958.

*Clinton R. Barry* and *D. L. Grace,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee brick company to enforce a materialman's lien against property belonging to the appellants, P. C. Degen and his wife. The Degens admit that the plaintiff furnished tile for the construction of a building on the land and also admit that the account is unpaid. They insist, however, that the plaintiff is estopped to assert its lien and must look to the contractor, Jim Bell, for payment. The chancellor entered a judgment against Bell, who made no defense, and, finding that no estoppel had been shown, awarded the brick company a lien against the property. The Degens have appealed.

The parties recognize the fact that a materialman may estop himself from asserting the lien that would otherwise be available to him. *Kennemore* v. *Robbins,* 223 Ark. 384, 266 S. W. 2d 64. The question at issue is whether the appellants met the burden of proving their defense. We are of the opinion that the defense was established by the proof and should have been sustained by the trial court.

The material facts are really not in dispute. About September 1, 1956, Degen employed Bell to construct a commercial building and made an advance of $800 to be used for the purchase of tile. Degen then telephoned the brick company, got the manager on the line, and told him that the tile had been paid for and that the brick company should collect its money on delivery of the material. According to Degen the manager replied: "You don't need to tell us a thing about Bell. We know Bell. Any time we sell him anything, we're going to get the money." The appellee's objection to this testimony was correctly overruled, even though Degen was unable to recall the manager's name. Wigmore on Evidence (3d Ed.), § 2155. We accept the testimony as the truth, not only because the manager was not called to deny it

but also because the brick company admittedly directed its truckdriver to obtain Bell's check for each delivery of material.

The building was erected during the month of September, and nearly all the tile had been delivered by September 15. As each delivery was made (with one immaterial exception), the appellee's driver accepted Bell's check for the material and marked the invoice paid. At the trial the brick company introduced proof to show that its driver did not have actual authority to mark an invoice as having been paid; but this is immaterial, as the agent's apparent authority cannot be doubted. Since it is customary for a receipt to be given for the payment of money, an agent's authority to receive payment ordinarily includes the authority to give a receipt. Rest., Agency, § 72; Mechem on Agency (2d Ed.), § 962. Even though this rule does not invariably apply when the agent receives a check rather than cash, here the appellee instructed its driver to obtain checks and certainly knew that this order was being obeyed.

Early in October, the job having been completed, Degen settled his account with Bell, relying on the brick company's receipted invoices for the tile. Some two weeks later the brick company informed Degen that all of Bell's checks had been dishonored, for insufficient funds. At the trial it was brought out that the brick company had failed to deposit the checks promptly. Its Fort Smith branch followed the practice of accumulating checks for a period of time before sending them to the general office in Texas. Between September 1 and September 12 the brick company received seven checks from Bell; they were returned by the bank on dates ranging from September 27 to October 16.

Without enumerating the familiar elements of estoppel, we think it enough to observe that the appellants' proof satisfies every requirement. The brick company represented to Degen that it would collect its money as the tile was delivered and gave receipts indicating that this practice was being followed. Although the company's manager had stated in effect that no

credit would be extended to Bell, the unreasonable delay in the depositing of the contractor's checks was equivalent to an extension of credit. If the checks of early September had been presented promptly and found to be worthless, it would evidently have been the company's duty to notify Degen, which could and should have been done long before he settled his account with Bell in October.

The appellee insists that the appellants failed to prove that they have been damaged, in that Degen did not testify as to the amount of money paid to Bell in the final settlement. We do not regard this apparent oversight as a fatal defect in the proof. It may fairly be inferred that the sum was substantial, as the $800 advance to Bell was less than the brick company's bill for tile alone. It would be wholly unreasonable to assume that the building was erected without labor costs and without the use of any materials except tile. The Degens' proof was sufficient to make a *prima facie* case in support of their defense, shifting to the plaintiff the burden of going forward with a rebuttal. Degen testified at the trial, but the appellee did not then think it necessary to ask him what sum was involved in the settlement with Bell. Having neglected to develop its present contention when the opportunity was readily available in the court below, the appellee is not now in a position to complain that the appellants' proof might have been more meticulously complete.

The decree is reversed, and, since the title to land is involved, the cause will be remanded for the entry of a decree dismissing the complaint insofar as it affects the appellants and their property.