J. K. & W. H. GILCREST COMPANY, appellee, v. A. & R. CONCRETE COMPANY, UNITED STATES OF AMERICA et al, appellant.

No. 50465.

DECEMBER 12, 1961.

Roy W. Meadows, United States Attorney, Louis F. Ober-dorfer, Assistant Attorney General, John B. Jones, Jr., Meyer Rothwacks, and George F. Lynch, attorneys, Department of Justice, Washington 25, D. C., for appellant.

Neiman, Neiman & Stone, of Des Moines, for appellee.

THOMPSON, J.—Plaintiff's action alleged its right to a subcontractor's mechanic's lien against certain real estate and prayed foreclosure as against all defendants. These included the principal contractor, the realty owners, the United States, and certain others. Rights as between the principal contractor and the owners of the real estate were previously determined in A and R Concrete and Construction Co. v. Braklow, 251 Iowa 1067, 103 N.W.2d 89. It was there adjudged that the owners were indebted to the contractor in the total sum of $3933.07. This sum was paid to the clerk of the district court. In the instant case a partial decree of the trial court entered on November 12, 1960, to which no exception is taken, granted certain defendants other than the United States rights to part of the money on hand, leaving a remainder of $1814.18. The cause was continued solely on the issues as to the priority of the claims of the plaintiff and the United States to this sum. By answer, the United States denied the priority of plaintiff's claim and prayed that its tax liens against the principal contractor be held to be prior and superior to any rights of the plaintiff to the funds in the hands of the clerk. The trial court found this issue with the plaintiff in the total amount of its claim, with interest, $1681.04; directed payment of court costs in the amount of $52; and awarded the remainder of $81.14 to the United States. The United States appeals.

I. No question is made that the money in the hands of the clerk stands in the place of the real estate which was improved or that the liens attach to it in whatever order of priority may eventually be determined. The United States states in the record that its appeal is limited to the following point on which it relies: "The Court erred in granting priority to the claims of [the plaintiff] over the tax lien of the United States of America. The abstract above contains all matters necessary to review such point."

The facts were stipulated and the case tried solely on the stipulation. We think it omits one vitally important fact, which we shall later point out. Otherwise, after reciting the agreement

between the principal contractors and the owner, it stipulates that the plaintiff herein furnished certain materials used in and upon the premises of the reasonable value of $1541.92, the last item being supplied on November 20, 1958.

Further facts stipulated are that the plaintiff's claim for a mechanic's lien as a subcontractor was filed on September 3, 1959, and notice of such filing served on the owners on September 5, 1959.

That the United States assessed taxes for withholding and Social Security against the principal contractor on March 27, 1959, in the sum of $3029.10; and on May 22, 1959, assessed further taxes of $999.03, making a total of $4028.13. On September 14, 1960, a notice of levy of taxes was served on the building owners; and on September 29, 1959, a notice of the Federal tax lien was filed in the office of the county recorder of Polk County.

It is further stipulated that the funds in the hands of the clerk stand in lieu of the real estate and the liens of the contending parties attach to such funds in the same manner as they would have to the realty; and that the parties are entitled to foreclosure of their liens against said moneys in such order of priority as the court may determine. The stipulation is silent as to the date on which the work on the real estate was completed by the principal contractor.

II. Each party to the contention here asks that its lien be established as prior and superior. We think, because of the absence of an essential fact in the record, that no adjudication in favor of either can be made.

This fact is the above noted absence of the date on which the principal contractor completed its work. We shall attempt to make clear our reasons for so holding.

Section 572.13, so far as material, is quoted:

"Liability of owner to original contractor. No owner of any building, land, or improvement upon which a mechanic's lien of a subcontractor may be filed, shall be required to pay the original contractor for compensation for work done or material furnished for said building, land, or improvement until the expiration of sixty days from the completion of said build-

ing, or improvement * * *." The section further provides that the first paragraph does not apply if receipts or waivers of subcontractors' claims are furnished, or a performance bond is given by the principal contractor. Neither of these exceptions, however, appears in the present case and we give them no further attention. It will be noted the quoted and material part of the section makes sixty days from the completion of the work by the principal contractor the time when he will be entitled to receive payment from the owner, absent any filed claims for subcontractors' liens.

III. The United States relies upon sections 6321 and 6322 of 26 U.S.C., 1958 edition. We quote them.

"Lien for taxes. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

"Period of lien. Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

A following section says that "the lien * * * shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate— * * * in the office * * * for the filing of such notice [is authorized by the law of the State] * * * in which the property subject to the lien is situated."

A mechanic's lien is obviously not within any of the four classes named, and we give this section no further consideration.

In Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 374, 375, 376, 67 S. Ct. 340, 347, 91 L. Ed. 348, 357, it is said: "The long-established rule requires that the lien must be definite, and not merely ascertainable in the future by taking further steps, in at least three respects as of the crucial time. These are: (1) the identity of the lienor * * *; (2) the amount of the lien

* * *; and (3) the property to which it attaches * * *. It is not enough that the lienor has power to bring these elements, or any of them, down from broad generality to the earth of specific identity." We quoted this with approval in In re Estate of Lane, 244 Iowa 1076, 1079, 1080, 59 N.W.2d 593, 595.

 It is evident that plaintiff's lien here meets the first and third tests. The identity of the lienor is established, and likewise the specific property to which it attaches. But it fails as to (2), because the amount is unliquidated and uncertain. It is not enough that a specific amount be named in the lien claim; if further proceedings are required to establish it in a definite amount against the property, as by foreclosure, it is not specific and perfected within the meaning of the law. Evans v. Stewart, 245 Iowa 1268, 1274, 1275, 66 N.W.2d 442, 445; In re Estate of Lane, supra, loc. cit. 244 Iowa 1080, 59 N.W.2d 595; United States v. Texas, 314 U. S. 480, 62 S. Ct. 350, 86 L. Ed. 356. So at the time the taxes against the principal contractor were assessed by the United States in the instant case, the plaintiff's lien was not specific and perfected and the Government's lien was prior.

 IV. However, there is another consideration which arises from application of what is known as the "no debt" rule. This might also be designated as the "no property" rule. If the debtor against whom the United States taxes were assessed had no property to which their lien might attach, of course it may not be enforced. So far as this case is concerned, the only property with which we need be concerned was the indebtedness, if any there was, owing to the principal contractor by the property owners. This is now represented by the money in the hands of the clerk, the right to which is the subject of the present litigation. It is settled that in this class of cases, the first question is to what property of the taxpayer the Federal tax liens may attach. In determining the taxpayer's interest in property claimed to be subject to such liens, the State law is the governing rule. Aquilino v. United States, 363 U.S. 509, 512, 516, 80 S. Ct. 1277, 1280, 4 L. Ed.2d 1365; United States v. Durham Lumber Co., 363 U.S. 522, 524, 527, 80 S. Ct. 1282, 1283, 4 L. Ed.2d 1371. When the property interests have been determined ac-

cording to the law of the State, the priority of the competing liens is measured by Federal law. Aquilino v. United States, supra.

■ It remains to be decided whether the delinquent taxpayer, the principal contractor in the case at bar, had property rights to which the Federal liens might attach when the tax assessments were levied or later while they were still unsatisfied. Here section 572.13 of the 1958 Code of Iowa becomes of primary importance. It will be noted that under its provisions no owner of real estate is required to pay the principal contractor any sums that might otherwise be due under the building contract until the expiration of sixty days from the time of completion of the improvement. So, under the interpretation put upon this section in previous cases, there is no "debt" due the contractor until the sixty-day period has elapsed, and consequently the contractor has no property right which may be subjected to liens of the United States during that time. Wolverine Insurance Co. v. Phillips, 165 F. Supp. 335, 354; Fidelity and Deposit Co. v. New York City Housing Authority, 2 Cir., 241 F.2d 142, 145, 147; United States v. Bess, 357 U.S. 51, 56, 78 S. Ct. 1054, 1057, 2 L. Ed.2d 1135; Beane Plumbing & Heating Co. v. D-X Sunray Oil Co., 249 Iowa 1364, 1371, 1372, 1373, 92 N.W.2d 638, 643, 644.

■ So it is clear that the United States liens attached only to such property as the debtor contractor had when the taxes were assessed, or which he might thereafter acquire while they remained unpaid. Under the authorities above cited, there was no debt during the sixty days following the completion of the improvement. But, when this period expired, with the lien of the plaintiff still not filed, if such be determined to be the case, the tax liens at once attached to the sum then due from the owners to the principal contractor. The time of "no debt" was past; a debt existed. For the purpose of this case, it was not important that the plaintiff did not file its claim for a mechanic's lien within sixty days from the time it furnished the materials; it is of decisive importance whether it filed within sixty days from the completion of the work by the principal contractor.

The point is well made by Federal Judge Henry Graven of the United States District Court for the Northern District of Iowa in Randall v. Colby, 190 F. Supp. 319, 326–337 inc. In that case one mechanic's lien claimant, Randall, had not filed his claim within sixty days from the time he furnished material or labor, but did file within sixty days from the completion of the work by the principal contractor. Standard Glass & Paint, another claimant of a subcontractors' lien, did not file until after sixty days from completion of the work. It was held that Randall's lien was superior to the Federal tax liens, but Standard's was not. Sixty days after the work was completed, Randall's claim being on file, the "debt" due from the owner to the chief contractor was diminished by that amount and the property to which the Federal liens could attach was so much less. But Standard's claim was not on file; the "debt" of the owner to the contractor was matured and became property of the contractor who owed the taxes which had been assessed. The liens for these taxes at once attached. It is said: "It seems clear that under the Federal law once a right arises in favor of a contractor against whom a Federal tax lien is outstanding to a portion of the contract price, the tax lien attaches to that portion immediately. It would also seem clear that once a Federal tax lien has attached to such a portion it is no longer a part of the balance 'due' the contractor but is 'due' to the Government." Randall v. Colby, supra, loc. cit. 190 F. Supp. 335.

This will to some extent modify our holding in Beane Plumbing & Heating Co. v. D-X Sunray Oil Co., supra. The United States was not a party to that action and several of the authorities cited above had not then been decided; we did not consider the difference between the situations in which the subcontractor's lien was filed within the sixty-day period in which the owner is not required to pay the contractor, and the one in which it was filed later. In the second instance we now hold that the United States tax liens, duly assessed, obtain priority. In fairness to the trial court, it should be said that it apparently followed the Beane case, which it felt it could not modify or disregard.

This points up the deficiency in the stipulation of facts

upon which the case was tried. The stipulation says that "the following are the facts in this case." The case must be tried upon the facts so stipulated. But what we consider to be the governing fact—that is, the date when the work was actually completed by the principal contractor so that the sixty-day period in which there was no "debt" due from the owner to him could be determined—is nowhere stated.

Summarizing, our holding is that the law as applied to the instant case is this: United States tax liens can attach only to "property" of the debtor taxpayer, the principal contractor; debts owed by the building owners are "property" of the contractor; there is no debt, and consequently no "property" until the expiration of the sixty-day period from completion of the work; this is so because the Iowa statute, section 572.13, supra, says so; when the sixty-day period has ended, there is a debt due from the owners to the principal contractor in such amount as may remain unpaid and not diminished by the amount of any subcontractors' liens that may be then on file; if any such claims for liens are then on file, the debt, and so the "property", is so much less; if such claims are not on file, although they may be in existence, the lien of the assessed and unpaid Federal taxes attaches and becomes prior and superior to them.

We have concluded that the only means of resolving this situation is to remand the case to the trial court for a determination of fact. If it is found that the plaintiff's claim for a mechanic's lien was actually filed within this sixty-day period, it will be entitled to priority; if not, the United States liens will be superior. No other issues, either of fact or law, will be considered.

The decree of the trial court must be reversed, since there is no sufficient basis in fact for its determination. Nor do we think it would be sufficient to reverse without requiring a finding of the fact as to time above referred to. Each party is affirmatively claiming priority; neither has proven it. This priority should be determined so that the respective rights may be known and disposition of the fund in the hands of the clerk of the court may be made.

Costs will be taxed equally to the parties; except that only

$1.50 per page will be allowed appellant for printing the record and its brief and argument.

Reversed and remanded for further determination of facts, and for such decree as may appear proper in view of such determination and our holdings above.

All JUSTICES concur except BLISS, J., not sitting.