ORRELL *v.* E. C. BARTON & CO.

5-3755                                        398 S. W. 2d 685

Opinion delivered February 7, 1966

*John F. Gibson,* for appellant.

*Williamson, Williamson & Ball* for appellee.

ED. F. McFADDIN, Justice. In this case estoppel was unsuccessfully pleaded to defeat the lien claim of a materialman.

In March 1963 appellants, Jimmy Orrell and his wife, entered into a contract with Capital Construction Company whereby the latter would furnish all labor, services, and materials, and would build a residence for the Orrells. The Capital Construction Company purchased several thousand dollars of such materials from appellee, E. C. Barton & Company (hereinafter called "Barton"). When the account remained unpaid, Barton filed this suit for a materialman's lien on the building and one acre of land belonging to the Orrells (Ark. Stat. Ann. § 51-601 *et seq.* [1947)]. In resisting the suit the Orrells claimed that Barton was estopped to assert a lien against the Orrells and their property. Trial in the Chancery Court resulted in a decree awarding Barton the claimed lien; and on this appeal the Orrells urge only one point: "The Court erred in denying appellants' plea of estoppel."

Of course, the burden of proving estoppel, in a case like this one, was and is on the persons asserting it. *Kennemore* v. *Robbins,* 223 Ark. 384, 266 S. W. 2d 64, was a case wherein estoppel was pleaded to defeat a lien claim; and there we said: "The burden was on the appellees [landowners] to prove the facts constituting their claim of estoppel, since it is conceded that the materials had been furnished and the lien notice filed within the statutory time." *Degen* v. *Acme Brick Co.,* 228 Ark. 1054, 312 S. W. 2d 194, was also a case wherein estoppel was pleaded to defeat a lien; and there we said: "The question at issue is whether the appellants [landowners] met the burden of proving their defense."

In the case at bar the Chancery Court heard the evidence *ore tenus,* and then delivered a written Opinion of ten typewritten pages. Among other language found in the excellent Opinion of the Chancellor, we quote, the following:

"The burden is on the Orrells to prove estoppel by a preponderance of the evidence. *Kennemore* v. *Robbins supra* . . . . . Thus, it is found, considering all the testimony in the record, that the weight of the proof is at least equal on the part of each party as to their respective versions of the material part of the conversation, or at least it does not preponderate in favor of the Orrells and probably preponderates in favor of Barton . . . The plea of estoppel by the Orrells should be denied for the reason the same has not been sustained by a preponderance of all the evidence in the record."

It would serve no useful purpose to recount the testimony of each witness. The fact remains that the burden was on the appellant to sustain his plea of estoppel; and in this Court on trial *de novo* on the record, we have carefully considered all the testimony of all the witnesses and we cannot say that the decree of the Chancellor is against the preponderance of the evidence. The Trial Court had the opportunity to ob-

serve the witnesses' demeanor, appearance, mannerisms, candor or lack of candor, and consequently was in a much better position than is this Court, which sees only the typewritten page, to judge the credibility of the witnesses and the weight to be given the testimony of each. The words of Mr. Justice Knox in *Ellis* v. *Blankenship*, 207 Ark. 739, 182 S. W. 2d 756, are apropos:

> "This case furnishes a splendid example of the value of the rule that the findings of a chancery court, while not conclusive, are nevertheless persuasive, and will not be disturbed unless against the weight of the evidence. If we were required to examine this record and decide this case on first impression, wholly without knowledge of local conditions, we would work under a great handicap. The chancellor on the other hand doubtless knew all, or most of the parties and witnesses; he was familiar with the scene in which the controversy was set; he was adjusting a dispute between his neighbors and friends, and the decree of the chancery court, of necessity, reflected much local color, which was clear to the judge thereof and helpful to a proper determination of the issues, but of which we can know little."

Affirmed.