**CONRAD AMERICAN, Appellee,**

v.

**COOPERATIVE GRAIN & PRODUCT COMPANY OF RINGSTED, IOWA, Appellant.**

**No. 90–1762.**

Supreme Court of Iowa.

July 22, 1992.

Joseph L. Fitzgibbons, Harold W. White, and David A. Lester of Fitzgibbons Bros., Estherville, for appellant.

Maynard M. Mohn of Mitchell and Mohn, Estherville, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

McGIVERIN, Chief Justice.

Plaintiff Conrad American, a subcontractor, supplied building materials to Commercial Millwright Service Corporation, a contractor. The latter used the materials in the construction of a grain storage tank on property owned by defendant Cooperative Grain and Product Company of Ringsted, Iowa (Ringsted Coop). After Conrad American surmised that it was not going to be paid for the materials it supplied, it filed a mechanic's lien on Ringsted Coop's real estate, and eventually instituted the present action to foreclose the lien.

The district court ultimately granted Conrad American's summary judgment motion, and Ringsted Coop appealed. Our court of appeals reversed the district court's judgment. We, now, vacate the court of appeals decision and affirm the judgment of the district court.

I. *Background facts and proceedings.* In early 1989, defendant Ringsted Coop, a commercial grain elevator, contracted with Commercial Millwright Service Corporation (Millwright) to construct a grain storage tank and conveyance facility at Ringsted Coop's Halfa, Iowa, facility. The majority of the building materials needed to construct the tank were to be supplied by plaintiff Conrad American (Conrad). On previous occasions, Conrad had supplied Millwright with the materials Millwright needed to construct other grain storage tanks.

Unknown by Ringsted Coop, Millwright had a history of financial instability. In order to accommodate this instability, Conrad and Millwright established a course of dealing whereby Conrad, upon delivery of building materials, would accept post-dated checks from Millwright and agree not to present the checks for payment until Millwright obtained funds sufficient to cover them. Ringsted Coop was unaware of this practice.

On August 23, 1989, Conrad delivered to the Halfa facility the materials Millwright needed to construct Ringsted Coop's grain storage tank. Upon delivery, Conrad accepted a check from Millwright in the amount of approximately $38,000. The check was post-dated September 1, 1989, and attached to it were instructions to hold it for ten days "as with past transactions." Upon delivery of the materials, Ringsted Coop wired $60,000 to Millwright as part payment for the grain storage tank. Conrad and Ringsted Coop never had any direct dealings with each other, and there is no evidence that Ringsted Coop had a lien waiver from Conrad when Ringsted Coop made that payment to Millwright. *See* Iowa Code § 572.13(1)(a) (1989).

Roughly a week later, on August 31, Millwright told Conrad that it did not have sufficient funds to cover the $38,000 check and requested Conrad to continue to hold the check. Conrad agreed. After holding the check for another month, Conrad received a letter from Millwright informing Conrad that the $38,000 check could not be honored and that Millwright was going to take bankruptcy. Conrad never presented the check for payment, and on October 2, filed a mechanic's lien with the district court clerk on Ringsted Coop's Halfa property for the amount owed to Conrad by Millwright. *See* Iowa Code § 572.8.

Conrad thereafter instituted this equity action against Ringsted Coop to foreclose its mechanic's lien. Ringsted Coop answered and alleged affirmative defenses, contending that Conrad had a duty to warn Ringsted Coop of Millwright's financial condition and that Conrad was equitably estopped from enforcing its lien. Conrad moved for summary judgment. *See* Iowa R.Civ.P. 237(c). After the district court sustained Conrad's motion and entered judgment for Conrad, Ringsted Coop appealed.

We transferred the case to the court of appeals. *See* Iowa R.App.P. 401. That court reversed the district court, holding that a genuine issue of fact existed as to whether Conrad had a duty to warn Ringsted Coop of Millwright's financial instability and Conrad's practice of accepting Millwright's post-dated checks. The court also concluded that a fact issue existed concerning whether Conrad was equitably estopped from enforcing its mechanic's lien.

We granted Conrad's application for further review. *See* Iowa R.App.P. 402. On this appeal, we review the pleadings, depositions, and affidavits in the summary judgment record to determine whether there is any genuine issue of material fact for trial and whether Conrad is entitled to judgment as a matter of law. *See* Iowa R.Civ.P. 237(c).

II. *Whether Conrad had a duty to warn.* Defendant Ringsted Coop contends that plaintiff Conrad had a duty to warn Ringsted Coop of Millwright's financial instability so that Ringsted Coop could have taken steps to ensure proper payment to Conrad. Ringsted Coop argues that Conrad's failure to warn Ringsted Coop equitably estops Conrad from enforcing its mechanic's lien. We disagree.

Our mechanic's lien statutes, Iowa Code chapter 572, clearly place the burden upon property owners such as Ringsted

Coop to ensure that subcontractors and materialmen have been paid if the property owner pays a general contractor within the time allowed for the filing of mechanic's liens.[1] Iowa Code section 572.13(1) provides as follows:

An owner of a building, land, or improvement upon which a mechanic's lien of a subcontractor may be filed, is not required to pay the original contractor for compensation for work done or material furnished for the building, land, or improvement until the expiration of ninety days from the completion of the building or improvement unless the original contractor furnishes to the owner one of the following:

a. Receipts and waivers of claims for mechanics' liens, signed by all persons who furnished material or performed labor for the building, land, or improvement.

b. A good and sufficient bond to be approved by the owner, conditioned that the owner shall be held harmless from any loss which the owner may sustain by reason of the filing of mechanics' liens by subcontractors.

Furthermore, Iowa Code section 572.-14(1) provides, in relevant part, that

[P]ayment to the original contractor by the owner of any part or all of the contract price of the building or improvement before the lapse of the ninety days allowed by law for the filing of a mechanic's lien by a subcontractor, *does not relieve the owner from liability to the subcontractor* for the full value of any material furnished or labor performed upon the building, land, or improvement if the subcontractor files a lien within the time provided by law for its filing.

(Emphasis supplied.)

We have consistently maintained that if, as here, a mechanic's lien is filed within the ninety day period, "the owner might settle with the chief contractor before the expira-

tion of such time only at his peril; and this without regard to whether he had knowledge of the existence of the subcontractor." *See Des Moines Furnace & Stove Repair Co. v. Lemon,* 244 Iowa 316, 321, 56 N.W.2d 923, 926 (1953); *see also Moffitt Building Mat. Co. v. U.S. Lumber and Supply,* 255 Iowa 765, 769, 124 N.W.2d 134, 137 (1963). *See generally* Note *Owner's Liability to Subcontractors Under the Iowa Mechanic's Lien Law,* 47 Iowa L.Rev. 144, 147–48 (1961).

More specifically, a property owner "must take notice that there may be subcontractors, and he may not pay the contractor within the period prescribed without taking the risk that subcontractors' liens may be filed which will entail liability upon him." *Lemon,* 244 Iowa at 323, 56 N.W.2d at 927. Thus, under Iowa Code sections 572.13(1) and 572.14(1), there is no debt due the contractor until the statutory period from completion of a building or improvement has expired. *See J.K. & W.H. Gilcrest Co. v. A. & R. Concrete Co.,* 253 Iowa 332, 338, 112 N.W.2d 366, 370 (1961).

On appeal, Ringsted Coop ignores the statutory protections granted to an owner by sections 572.13(1) and 572.14(1) and our cases interpreting those statutes. Indeed, Iowa Code section 572.16, along with the foregoing statutes, specifically contemplates that property owners such as Ringsted Coop may be forced to pay twice for improvements to their property if they ignore the statutory protections:

Nothing in this chapter shall be construed to require the owner to pay a greater amount or at an earlier date than is provided in the owner's contract with the principal contractor, *unless* said owner pays a part or all of the contract price to the original contractor before the expiration of the ninety days allowed by law

---

1. The time allowed for the filing of a mechanic's lien is "ninety days from the date on which the last of the material was furnished...." *See* Iowa Code § 572.9. In this case, Conrad filed its mechanic's lien on October 2, 1989, roughly five weeks after having delivered materials to Ringsted Coop's Halfa facility. Conrad thus is afforded the full protections provided by Iowa Code chapter 572.

for the filing of a mechanic's lien by a subcontractor....

(Emphasis supplied.)

■ For us to impose upon subcontractors, such as Conrad, a duty to warn property owners whenever they perceive in their general contractors signs of possible financial precariousness would "to a great extent nullify the mechanic's lien law in so far as it furnishes protection to a subcontractor." *Lemon*, 244 Iowa at 323, 56 N.W.2d at 927. This is because the mechanic's lien law was designed primarily to protect subcontractors from the possible financial instability of their general contractors by imposing upon property owners a limited duty to ensure that subcontractors are paid.[2] We will not allow Ringsted Coop to invert the policies of the mechanic's lien statute and thereby bind Conrad to monitor Millwright's affairs for the benefit of Ringsted Coop.

Despite the foregoing duties and principles, Ringsted Coop cites cases from other jurisdictions in support of its argument that Conrad had a duty to warn Ringsted Coop of Millwright's financial condition. *See Degen v. Acme Brick Co.*, 228 Ark. 1054, 312 S.W.2d 194 (1958); *R.D. Reeder Lathing Co. v. Allen*, 66 Cal.2d 373, 57 Cal.Rptr. 841, 425 P.2d 785 (1967); *Reliable Collection Agency, Ltd. v. Aquarius Ind., Inc.*, 56 Haw. 251, 535 P.2d 129 (1975). These cases hold, in one form or another, that the failure of a subcontractor to warn a property owner of the financial instability of a general contractor may estop the subcontractor from enforcing its mechanic's lien. However, all of these cases are factually distinguishable from the case before us.

For example, the court in *Degen* estopped a materialman from enforcing its lien in part because the materialman had impliedly agreed with the property owner to look to the contractor for payment. 228 Ark. at 1055, 312 S.W.2d at 195. And in

*R.D. Reeder*, the court found evidence to estop a subcontractor from enforcing its lien against a landowner where the subcontractor knowingly supplied a contractor with lien waivers which were in turn given to the landowner. 66 Cal.2d at 377, 57 Cal.Rptr. at 843, 425 P.2d at 787. Of course, neither of these circumstances exist in the present case. Finally, the Hawaii supreme court in *Aquarius*, in concluding that a materialman should be estopped from enforcing its lien, acknowledged that Hawaii's mechanic's lien statute did not contain a provision similar to Iowa Code section 572.14(1) concerning the property owner's duty to protect the subcontractor. 56 Haw. at 256, 535 P.2d at 132.

III. *Disposition.* In sum, we conclude under this record that plaintiff Conrad did not have a duty to warn defendant Ringsted Coop of Millwright's financial condition. We also find no evidence to support Ringsted Coop's contention that Conrad misrepresented or concealed any facts from it. We therefore agree with the district court and hold that Conrad is not equitably estopped from enforcing its mechanic's lien against Ringsted Coop's Halfa, Iowa, property, and that Conrad is entitled to judgment as a matter of law. As to other contentions made by defendant, we find them either without merit or unnecessary to discuss.

Accordingly, we vacate the court of appeals decision, and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

---

**2.** Section 572.13 also provides protection to property owners, such as Ringsted Coop, against any liability to pay their principal contractors during the ninety days allowed for the filing of subcontractors' liens, if no receipts, waivers, or bonds are furnished. *Lemon*, 244 Iowa at 322, 56 N.W.2d at 926–27; *see also Metropolitan Fed. Bank v. A.J. Allen Mechanical Contractors, Inc.*, 477 N.W.2d 668 (Iowa 1991).