STATE USE ARKANSAS COUNTY v, POLLARD.

Opinion delivered July 5, 1926.

1. APPEAL AND ERROR—CONCLUSIVENESS OF RECORD.—On appeal the record will be accepted as correct, as against a contention to the contrary in the brief.

2. APPEAL AND ERROR—PRESUMPTION IN ABSENCE OF EVIDENCE.—Where the evidence was not preserved in the record, it will be presumed on appeal that the recitals of the decree and findings of the court were correct.

3. SHERIFFS—ACTIONS FOR ACCOUNTING.—Under Crawford & Moses' Dig., § 8312, authorizing the prosecuting attorney "to commence and prosecute actions, both civil and criminal, in which the State or any county in his circuit may be concerned," the prosecuting attorney may bring an action for accounting against a sheriff to recover interest on public funds and excessive fees, without an order of the county court directing him to bring such action, and, where such authority is exercised, it will be presumed, in the absence of a contrary showing, that it was rightly exercised.

4. EQUITY—WAIVER OF OBJECTION TO JURISDICTION.—Where a party has invoked the jurisdiction of the chancery court, he cannot thereafter object to the jurisdiction unless the subject-matter is wholly without the jurisdiction of the court under all circumstances.

Appeal from Arkansas Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*Botts & O'Daniel* and *W. J. Waggoner,* for appellant.

*Bogle & Sharp, R. E. Holt* and *John L. Ingram, amici curiae.*

McCULLOCH, C. J.. Appellee served as sheriff and *ex officio* collector of Arkansas County for two consecutive terms, beginning on January 1, 1921, and ending December 31, 1924; and on November 21, 1924, an action was instituted against him by the State of Arkansas for the use and benefit of the State and the county and of the school districts of the county, to recover unaccounted-for interest on public funds deposited in bank, and also to recover fees and emoluments of office in excess of $5,000 per annum. Each of the four complaints was identical and the prayer of each was for the same recovery, and it does not appear why separate actions were instituted,

but this is unimportant, for the reason that they were consolidated and tried as one case, and a single decree was rendered by the court in favor of appellee. The case therefore may be treated as one case.

In the complaint it is alleged in substance, after setting forth the service of appellee in the office of sheriff and collector for the period of time mentioned above, that, during each year of appellee's incumbency, he deposited public funds in banks in the county and received interest thereon without accounting therefor to the county, and that he had also received each year fees and emoluments of office largely in excess of $5,000. The prayer of the complaint was for an accounting of all funds received by appellee by virtue of his office, and that there be a final decree against appellee ''for all funds received by him during the four years of his official term as sheriff and *ex officio* collector in excess of the $20,000 already determined by law; * * * for all sums received by him as interest from any bank or depositories on account of the placing of said funds belonging to the plaintiffs or any of them in said banks or depositories.'' The name of the prosecuting attorney of the district appears signed in his official capacity to three of the complaints, and all of the complaints are signed by Mr. A. G. Meehan as attorney.

There was an adjourned day of the chancery court held on December 9, 1924, and appellee appeared in court on that day in person and by attorney, and waived service of process and filed his answer, denying all the allegations of the complaint. A final decree was rendered by the court, reciting the appearance of all the parties and the announced readiness of both sides for trial, and the trial of the cause upon the ''complaints of the plaintiffs, the answers of the defendants, and the testimony of C. E. Condrey, M. F. Montgomery, W. B. Pfefer, E. C. Benton, Arch Rawlins and N. P. Burd on behalf of the plaintiffs, and J. S. Pollard, E. B Gibson and Mrs. Annie M. Connor on behalf of the defendants, the testimony of said witnesses being taken *ore tenus* at

the bar of the court, together with certain documentary evidence, which was properly identified and made a part of the record, and other evidence introduced on behalf of the parties." The decree also recites a finding in favor of appellee. The court found expressly that appellee had made his settlements regularly and accounted for all public funds which had come into his hands. The oral evidence was not preserved, and no appeal to this court was prayed for at the time. Six months later, and on the last day allowed for an appeal, one was obtained from the clerk of this court on behalf of the plaintiffs below. The transcript contains only the pleadings and the decree.

It is contended, in the first place, that the suit is a collusive one, brought without authority in the name of the State, for the purpose of obtaining an adjudication in appellee's favor to protect him from other hostile litigation which might ensue in the future. The difficulty about this contention is that the evidence does not justify the charge, which was made only in the printed argument here. The complaint is regular on its face and appears in the record to have been signed by the prosecuting attorney in his official capacity, as well as by another attorney. The court recited in its decree that the plaintiff was represented at the trial by the prosecuting attorney in person as well as by Mr. Meehan. In the brief there is a denial that the prosecuting attorney was in fact present, but we must accept the record here as being authoritative. None of the evidence introduced has been preserved in the record, and we must presume that the recitals of the decree and the findings of the court are correct. There has been no effort made, so far as this record shows, to attack the good faith of the officers in bringing the suit, hence we are not at liberty to infer that there was any collusion merely because appellee entered his appearance and consented to trial without process being served upon him. In other words, the decree is regular on its face, and, in the absence of a showing to the contrary, we must assume that it was correct.

It is also contended that the prosecuting attorney had no right to institute the action except on orders of the county court, and there is nothing in the record to show that there was an order of the county court made directing him to bring the suit. Our attention is not called to any statute providing that a prosecuting attorney can only institute an action on authority granted by the county court. On the contrary, the statute confers power upon the prosecuting attorney to "commence and prosecute actions, both civil and criminal, in which the State or any county in his circuit may be concerned." Crawford & Moses' Digest, § 8312. It may be that the county court has the power to control litigation, but, even if that be true, it would require affirmative action on the part of the county court to withdraw litigation instituted by the prosecuting attorney. At any rate, the authority of the prosecuting attorney being expressly granted by statute, we indulge the presumption that the authority was rightly exercised.

Finally, it is contended that the chancery court was without jurisdiction, and that therefore the decree should be reversed and the action dismissed for want of jurisdiction. It has been held by this court in numerous cases, beginning with *State* v. *Turner*, 49 Ark. 311, that the common-law jurisdiction of the chancery court to set aside settlements of public officers on account of fraud or mistake was not taken away by the statute providing that the county court may, within two years from the date of the settlement, readjust such settlements for errors. The contention now is that the jurisdiction in chancery remains as to setting aside a settlement for fraud after the expiration of two years allowed for readjustment in the county court, but we do not find it necessary to enter into a discussion of that question, for the reason that, even if that contention be sound, both parties appeared and submitted to the jurisdiction of the court, which might or might not have been exercised, according to the facts alleged and proved, and it is too late now to raise the question of jurisdiction for the first time. In

other words, this is not a case where the subject-matter of the litigation was wholly beyond the jurisdiction of the chancery court, but it is one where the court had jurisdiction of the subject-matter, to be exercised according to the circumstances of the particular case. Where a plaintiff has invoked the aid of the chancery court, he cannot thereafter object to the jurisdiction of the court, unless the subject-matter is wholly without jurisdiction of the court under all circumstances. *Sexton* v. *Pike*, 13 Ark. 193; *Cockrell* v. *Warner*, 14 Ark. 345; *Cribbs* v. *Walker*, 74 Ark. 104, 85 S. W. 244; *Young* v. *Fowler*, 132 Ark. 145, 200 S. W. 813; *Gray* v. *Malone*, 142 Ark. 609, 219 S. W. 742.

The chancery court found, presumably upon sufficient evidence, that appellee had made his settlement with the county court regularly and in accordance with law, and that he had accounted for all of the funds which he is charged in the complaint in this cause with wrongfully withholding. The proceedings below being regular, and, the court having acquired jurisdiction, we find nothing which would justify us in deciding that the court was wholly without jurisdiction.

The decree is therefore affirmed.