POTTS *v.* RADER.

4-8553 · 219 S. W. 2d 769

Opinion delivered April 18, 1949.
Rehearing denied May 16, 1949.

*W. H. Glover, Carl Langston* and *James Sheppard Potts*, for appellant.

*A. F. Triplett, Louis Herrink, A. S. Buford, Jr., Hunton, Williams, Anderson, Gay & Moore,* for appellee

*Joseph Schoolfield Potts, Jr., pro se.*

GEORGE ROSE SMITH, J. James Sheppard owned Sheppard Island plantation, in Jefferson County, when he died in 1870. His will directed his two executors to sell the property and divide the proceeds equally among his widow and children. This direction was not followed; instead, in 1876 one of the executors conveyed the property to the widow and children. The validity of the deed was not questioned for more than sixty years. The land has since been devised by various subsequent wills to its present owners.

In 1937 Lisa Shinberger, owning an undivided one-third interest, and the personal representatives of two decedents who were alleged to have been cotenants, brought this suit for partition of the plantation. Lisa Shinberger later withdrew as a plaintiff and aligned herself as a defendant, filing a cross complaint in which she renewed her prayer for partition. Among the other defendants were the appellants, Adam E. and James S. Potts, and their brother, appellee Joseph S. Potts, Jr.

By a decree entered September 2, 1947, the chancellor found the ownership to be a third in Lisa Shinberger, a ninth in each of the three Potts brothers, and the remaining third in three charitable organizations, their interest having been determined upon the first appeal herein. *Sheltering Arms Hosp.* v. *Shineberger,* 201 Ark. 780, 146 S. W. 2d 921. Finding that a partition in kind was not warranted, the trial court ordered a sale. The appeal is from that decree and from a later order refusing to vacate the decree.

Appellants' first contention is that the Potts brothers, as the only surviving descendants of James Sheppard, are the sole owners of the plantation. This argument is based on the theory that the executor's deed of 1876 was ineffective and that James Sheppard's will showed an intent to keep this property in his own family. The contention is without merit. Far from wanting to keep the property in the family, Sheppard directed by his will that it be sold. Although this direction was disregarded, appellants are not in a position to complain. The will did not purport to create a spendthrift trust;

it merely instructed the executors to sell the property and divide the proceeds among the testator's immediate family. Only the beneficiaries of the will could complain of the executors' failure to carry out instructions, but they accepted the deed and recognized its validity, as has the whole family for over sixty years. Any merit that may ever have been in the appellants' contention has been defeated by laches and acquiescence. Too, throughout this litigation both appellants have asserted an interest in the property under their mother's will. She was a grantee in the executor's deed and derived her title from it. The appellants cannot claim title to part of the land in reliance upon the deed and at the same time claim the rest upon the theory of its invalidity. *Wood* v. *Haye,* 206 Ark. 892, 175 S. W. 2d 189.

Appellants insist that a court of equity should not entertain a partition suit when title to the land is in dispute. Even if we consider the Potts claim of sole ownership as having enough merit to make this title a disputed one, the rule does not apply when there is another clear ground of equitable jurisdiction. *Hankins* v. *Layne,* 48 Ark. 544, 3 S. W. 821. Appellants invoked the aid of equity by joining in the plaintiffs' request for the appointment of a receiver, and having done so they cannot now question that jurisdiction. *State, Use Arkansas County* v. *Pollard,* 171 Ark. 607, 286 S. W. 811.

We need not pass upon the question of whether the chancellor should have ordered a division in kind instead of partition by sale. Most of the evidence on that issue was taken before the entry of the order of November 1, 1947, by which the chancellor refused to vacate his earlier decree. The transcript of that testimony was not filed here until October 20, 1948—long after the time allowed by our Rule 5. We therefore sustain the motion to strike this testimony from the record, and without it we must assume that the evidence supported the chancellor's action.

Finally, appellant Adam E. Potts complains of the chancellor's refusal to grant a stay under the Soldiers' & Sailors' Civil Relief Act. That statute requires such a stay unless in the opinion of the trial court the defend-

ant's ability to conduct his defense is not materially affected by his military service. 50 U. S. C. A. App. § 521. In each instance the application is addressed to the trial court's discretion. *Boone* v. *Lightner,* 319 U. S. 561, 63 S. Ct. 1223, 87 L. Ed. 1587.

Colonel Potts had been in the Regular Army for many years before this suit was filed. By his own admission he relied upon his brother James to attend to matters pertaining to this plantation. In 1939 he joined in a verified motion for a continuance upon the ground that James alone was informed as to the details of this case and was too ill to appear as a witness. In that motion Colonel Potts' lack of familiarity with the issues was stressed. Thus it does not appear that as a witness he would be of value in the defense of this suit.

If there were any showing that appellant's military service has impaired his ability to defend, we should indulge every presumption in his favor. But here there is a complete absence of such a showing. It is alleged only that Colonel Potts has in storage at some undisclosed place certain letters and records which he has been unable to assemble in the preparation of his defense. No attempt has been made to state the substance of these documents or their relevance in what is basically a simple partition suit. The pendency of this case for more than four years before Pearl Harbor allowed ample time for the preparation of the defense. Although Colonel Potts served overseas in the early part of the war, he has since had extended tours of duty in this country. He has had numerous opportunities to produce these documents, but there is no evidence that he has shown the slightest inclination to do so.

The record justifies the conclusion that the appeal to the federal statute is made for the purpose of delay, as it was in the *Boone* case, *supra.* Appellant James Potts is an attorney who has been actively connected with this suit since it was filed in 1937. His interest in the plantation is identical with that of Adam Potts, and they are on good terms with one another. The third brother, Joseph S. Potts, Jr., also assisted in the defense of the case; in this court he has filed a brief in support of the

appellants' contentions, although he did not appeal from the decree and has no standing to question it. Adam and James Potts have been in constant correspondence with each other. Colonel Potts has not been in the situation of an isolated soldier with no friend or attorney to appear in his behalf; he has had both, as well as local counsel of unquestioned ability. The principal reason for the long course of this litigation lies in the efforts of the Potts brothers to delay its submission for adjudication. At first it was James' illness and Adam's unfamiliarity with the case that were advanced as reasons for delay; later the documents in storage assumed an importance that was overlooked until the federal statute was enacted. At one time a postponement was suggested because there was pending in Virginia certain litigation that would have a bearing upon this case. The Virginia trial court dismissed at least part of that litigation upon a finding that the progress of the case was being intentionally delayed, and its action was affirmed. *Potts* v. *Flippen,* 171 Va. 52, 197 S. E. 422. There are other instances which we need not mention. We conclude that the record is wholly lacking in evidence to indicate that the chancellor abused his discretion in refusing to stay the proceedings.

Affirmed.