GREGORY *v.* OKLAHOMA MISSISSIPPI RIVER PRODUCTS LINES, INC.

5-404                                     267 S. W. 2d 953

Opinion delivered May 17, 1954.

*W. J. Dungan,* Augusta, for appellant.

*John F. Curran, Shaw, Jones & Shaw* and *John D. Eldridge, Jr.,* for appellee.

GRIFFIN SMITH, Chief Justice. Oklahoma Mississippi River Products Line, Inc., filed two suits in Woodruff

Circuit Court against various defendants, seeking to condemn easements. The causes were consolidated.

Plaintiff is a Delaware corporation claiming rights as a pipe-line company operating in this state. Ark. Stat's, §§ 73-1901 and 73-1902. See, also, § 35-601 and §§ 35-201 to 35-207, inclusive.

The defendants demurred in Circuit Court. They alleged that the petitioning company was not a public utility within the meaning of eminent domain laws. Circuit Court declined to pass on the demurrers, but transferred the litigation to Chancery Court, where a motion to remand was overruled. The landowners then filed demurrers that were overruled, whereupon it was again alleged that the pipe-line company was not entitled to exercise eminent domain rights.

In appellants' Circuit Court motion this language appears: "Wherefore, respondents move the court to transfer this cause to the Chancery Court of Woodruff County, to the end that a complete remedy may be obtained, and [they] state that such a complete remedy cannot be obtained in a court of law".

When the matter was before the Chancellor appellants made a final effort to have the cause sent back to Circuit Court to have their demurrers determined.

It is our view that equity was definitely selected as an appropriate forum and the appellants are not now entitled to lift the cause from the court they asserted to be the only one with sufficient jurisdiction to afford complete relief.

At the October 23d hearing testimony relating to the plaintiff's status as a corporation authorized to build a pipe-line was heard. Findings in the appellee's favor were coupled with an order that $1,900 be deposited: $900 to indemnify one set of defendants and $1,000 for the benefit of the others.

The appeal presents two problems: (a) Was the Chancery Court's order permitting entry appealable?

670

(b) Did equity have jurisdiction to decree complete relief?

We have consistently held that where private property is to be taken, any public agency seeking to exercise the high prerogative of eminent domain must bring itself clearly within the law's contemplation. A corollary is that no more land may be taken than the public need requires.

Another rule equally definite is that where equity jurisdiction exists in respect of an essential element of litigation and such jurisdiction is invoked, the process draws full power to determine all of the rights that are involved. *Selle* v. *Fayetteville,* 207 Ark. 966, 184 S. W. 2d 58.

In the Selle case it was said that when transfer [in a condemnation suit] is asked and jurisdiction attends for any purpose, the value of the land can be adjudged. To the same effect is *Burton* v. *Ward, Chancellor,* 218 Ark. 253, 236 S. W. 2d 65. In the Burton case a dissenting opinion expressed the view that language in the Selle decision was dictum, "although as an abstract proposition of law [it is correct]".

Since Chancery had the jurisdiction claimed for it by appellants, its order permitting entry when deposits were made was correct if the petitioning corporation brought itself within the statute pertaining to it. The construction has been that with compliance attending domestication the corporation is no longer foreign in respect of its right to take land for public use.

The evidence convincingly shows that the company's purpose is to operate as a public service agency. It has no production of its own, but must transport commodities without discrimination. This being true, the Chancellor's finding that the easements were necessary will not be disturbed.

But inasmuch as there has been no judgment fixing the damages (a judgment Chancery has a right to render) the appeals are premature. The consolidated causes will

therefore be remanded with directions to proceed in a manner not inconsistent with this opinion, the sole question being the amount of damages.