Spikes *v.* Hibbard.

5-839

286 S. W. 2d 477

Opinion delivered February 6, 1956.

R. C. *Waldron, Jack Holt* and *John F. Park,* for appellant.

*James A. Robb,* for appellee.

GEORGE ROSE SMITH, J.   This suit for the partition of eighty acres of land was originally filed by four of the appellants.   The complaint alleged that the plaintiffs owned an undivided five-eighths interest in the land and that the defendants owned the other three-eighths.   By answer the defendants denied the plaintiffs' assertion of co-ownership, interposed a plea of adverse possession, and asked that the defendants' own title be quieted.

A substantial amount of testimony was taken, which seems to have indicated that other members of the plaintiffs' family have an interest in the land.   About thirteen months after the suit was filed some 177 persons intervened and asked to be made parties plaintiff.   Later on the original plaintiffs, by an amendment to their complaint, alleged that the five-eighths interest originally claimed by them is owned by specified branches of the Spikes family and the Stubblefield family.   At this point the chancellor sustained a demurrer to the amended complaint, primarily upon the ground that equity is without jurisdiction to partition land that is in the possession of the defendants.   The court also remarked that all necessary parties have not yet been brought into the case.   Upon sustaining the demurrer the court dismissed the case.

It is our view that the court should have retained jurisdiction of the suit.   Even if the complaint failed to state a ground for equitable relief the appellees supplied the defect by asking that their title be quieted.   It is a familiar rule that one who has invoked the assistance of equity cannot later object to that jurisdiction unless the

subject matter of the litigation is wholly beyond equitable cognizance. *State use Arkansas County* v. *Pollard,* 171 Ark. 607, 286 S. W. 811. Nor, as the appellees now contend, could the point be raised upon the chancellor's own motion. An adequate basis for chancery jurisdiction having been pleaded, the case should have proceeded to trial in that court. As we said in *Marks* v. *F. G. Barton Cotton Co.,* 170 Ark. 637, 280 S. W. 674: "Their cross-bill was founded on matters clearly cognizable in equity, and this supplied any defect of jurisdiction. The original complaint and cross-bill were but one cause of action, and imposed upon the court the duty of granting relief to the party entitled to it."

It is argued by the appellees that the plaintiffs' amendment to their complaint stated a new cause of action, so that by demurring thereto the defendants raised the issue of jurisdiction at the first opportunity. The amendment did not assert a new cause of action; to the contrary, it adhered to the original prayer for a partition of the land. A pleading which merely brings in a new party having an interest in the same cause of action does not amount to the filing of a different suit. *H. B. Deal & Co.* v. *Bolding,* 225 Ark. 579, 283 S. W. 2d 855.

With respect to the suggested defect of parties it cannot be said with certainty at this stage of the litigation that the plaintiffs have failed to join all persons having an interest in the land. The plaintiffs' pleadings, which must be construed liberally on demurrer, sufficiently allege the existence of a tenancy in common and adequately state a cause of action for partition. The amended complaint is not as clear as it might be in describing the exact interests claimed by the various plaintiffs and intervenors, but such a want of clarity should be reached by a motion to make more definite rather than by a demurrer.

Reversed.

Holt, J., not participating.