NOTTINGHAM v. KNIGHT.

5-3294 379 S. W. 2d 260

Opinion delivered June 1, 1964.

*Lowe, Moore & Webber,* for appellant.

*Autry & Goodson,* for appellee.

FRANK HOLT, Associate Justice. The sole issue presented on this appeal is whether appellant was entitled to a transfer of this cause to a court of law.

The appellees brought an action in chancery court claiming ownership of a tract of land and seeking to enjoin the appellant from trespassing upon the described lands; to quiet and confirm appellees' title as against appellant; to cancel and remove as a cloud upon appellees' title certain instruments placed of record by the appellant and for the recovery of damages.

Appellant filed an answer denying the allegations and alleging that he is the owner of the disputed lands; that he is in sole possession and praying that the cause be transferred to a court of law; and, also, that title, right and interest in the lands be quieted and confirmed in him.

The Chancellor refused to transfer the cause to a court of law and upon trial, among other things, decreed that title to the lands be quieted and confirmed in appellees.

For reversal appellant contends on appeal that the Chancellor erred in refusing to transfer the cause to a court of law, urging that appellees' complaint constitutes an ejectment action and, also, that appellees cannot maintain a suit in chancery to quiet title since appellees were not in possession.

We have held and appellant cites in support of his position a number of cases to the effect that where the defendant in an action is in possession and control of the land in dispute when the suit is brought, he has a right to have the cause transferred to a court of law. These cases enunciate a legal principle which is not applicable when equitable issues are involved in the action. For example, appellant cites *Winkle* v. *School District,* 215 Ark. 670, 221 S. W. 2d 884 and quotes the following portion of the opinion:

"* * * It is undisputed that appellant was in actual possession and control when the suit was brought. He, therefore, has the constitutional right to demand that the issues be tried in a court of law. *No equitable issue was involved. The question of title was purely a legal one.*" [Emphasis added]

We think equitable issues exist in the case at bar. If we assume arguendo that appellees' complaint failed to state grounds for equitable relief, any such defect was supplied by appellant's pleadings. Appellant pleaded an equitable issue and invoked the aid of equity in his answer when he prayed "that the title, right and interest of the Defendant be quieted and confirmed against the claims of the Plaintiffs herein".

In *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660, we said:

"* * * The answer of the defendants was not only a denial of the complaint but also prayed, *inter alia,* 'that the title of the defendants be quieted and confirmed.' Appellants (defendants) now claim that the complaint was an action in ejectment and should not have been tried in the equity court. In *Goodrum* v. *Ayers,* 56 Ark. 93, 19 S. W. 97, we said:

"Conceding that the plaintiff was not in possession of the land, and for that reason could not maintain a suit to quiet title, it cannot avail the appellant; for he filed a cross-bill seeking to quiet his own title, and it gave the court jurisdiction of the entire controversy.' To the same effect, see *Weaver* v. *Gilbert,* 214 Ark. 800, 218 S. W. 2d 353. So, whatever of equity jurisdiction might have been lacking in the plaintiffs' complaint was fully supplied by defendants' prayer for relief."

In *Spikes* v. *Hibbard,* 225 Ark. 939, 286 S. W. 2d 477, we said:

"* * * Even if the complaint failed to state a ground for equitable relief the appellees supplied the defect by asking that their title be quieted. It is a familiar

rule that one who has invoked the assistance of equity cannot later object to that jurisdiction unless the subject matter of the litigation is wholly beyond equitable cognizance."

See, also, 6 Arkansas Law Review, p. 83.

Therefore, the Chancellor was correct in refusing to grant appellant's motion to transfer the case at bar to a court of law. In view of our decision it is unnecessary for us to consider the other arguments advanced by the appellees.

The decree is affirmed.