5-3394                                            385 S. W. 2d 934

Opinion delivered January 25, 1965.

*Mark E. Woolsey, Don Langston* and *Don Gillespie,* for appellant.

*Walker & Spears, J. Loyd Shouse,* for appellee.

FRANK HOLT, Associate Justice. This action was instituted by the appellees, as landowners, to enjoin the appellant's contractor from entry upon their lands for highway purposes. Various pleadings and exhibits were filed by the appellees and the appellant. The trial court found that the County Court Order upon which appellant relied was void and ordered appellant to pay $16,500.00 to the appellees as compensation for the lands taken and damaged by the appellant. From this decree appellant brings this appeal.

For reversal appellant first contends that the court erred in finding that a condemnation order of the Boone County Court made in 1930 was void. Assuming, without deciding, that the County Court Order was in fact valid, we cannot agree with appellant's contention. There is no evidence to indicate that the appellees or their predecessors in title were ever paid any compensation for the lands in controversy or that this Order was published or that appellees had any notice of the existence of the County Court Order until less than one year before the filing of this action. In *Arkansas State Highway Comm. v. Dean*, 236 Ark. 484, 367 S. W. 2d 107, we said:

"Where, as here, there was no payment of compensation for the taking of land and no publication of notice proved, the burden is on appellant to prove that the landowner had actual notice of the taking of his land."

In the case of *Greene County* v. *Hayden*, 175 Ark. 1067, 1 S. W. 2d 803, we held that in the absence of any notice of the condemnation order that the "twelve [12] months from the date of the order" of taking as provided in Ark. Stat. Ann. §76-917 (Repl. 1957) for the landowner to file his claim, meant twelve months from the actual entry on the land. See, also, Act 185 of 1963; Ark. Stat. Ann. §76-917 (Supp. 1963). To hold otherwise would allow the taking of property without notice and just compensation.

Appellant next contends that the court erred in denying its motion to dismiss the complaint, arguing that the appellees had a complete and adequate remedy at law. The appellees alleged in their complaint that they had no adequate remedy at law. Appellant insists that the burden was upon appellees to show their remedy at law was inadequate by alleging and offering proof of the insolvency of the county. Since there was no allegation and proof of such insolvency by the appellees, the appellant contends this absence constituted a jurisdictional defect. In support of this proposition appellant cites to us several cases typical of which is *The State Life Ins. Co. of Indianapolis* v. *Arkansas State Highway Comm.*, 202 Ark. 12, 148 S. W. 2d 671, and *Crawford County* v.

*Simmons,* 175 Ark. 1051, 1 S. W. 2d 561. We do not consider such cases applicable to the case at bar.

When the temporary restraining order was issued by the Chancellor, the appellant filed a $25,000.00 bond conditioned to pay such amount as might become payable to appellees by "any judgment or settlement that may be entered in this cause." Thereupon the temporary restraining order was dissolved and appellant was allowed to proceed with construction upon the strip of land in controversy. The appellant also filed an intervention alleging that it had acquired the right to the property in question by an easement through prescription and adverse possession, as well as by a county court order and a city ordinance. The appellant then filed a third-party complaint against various defendants in order to have a full adjudication of the rights of all interested parties in the proceeding. After these issues were joined, the case proceeded to trial and thereafter the motion was first made by appellant to dismiss the complaint for lack of jurisdiction which was refused by the court.

We have often held that a jurisdictional defect of the chancery court can be waived. *Ohio Galvanizing & Mfg. Co.* v. *Nichol,* 170 Ark. 16, 279 S. W. 377; *Potts* v. *Rader,* 215 Ark. 160, 219 S. W. 2d 769, rehearing denied 338 U. S. 882; *State for Use of Ark. County* v. *Pollard,* 171 Ark. 607, 286 S. W. 811; *Hayes* v. *Bishop,* 141 Ark. 155, 216 S. W. 298; *Goodrum* v. *Merchants' & Planters' Bank,* 102 Ark. 326, 144 S. W. 198. Further, it is well settled that one who invokes the aid of chancery in a matter not wholly beyond equitable cognizance is in no position later to reject its jurisdiction. *Nottingham* v. *Knight,* 238 Ark. 307, 379 S. W. 2d. 260. In the case at bar we are of the view that the appellant waived any jurisdictional defect and sought the aid of the chancery court in the full determination of the cause.

Appellant's final contention is that the damages awarded are not supported by a preponderance of the competent evidence. The lands owned by appellees were improved with a service station and a Dairy Queen building. The pump island was located partially upon the

right-of-way of Nicholson Avenue. Appellant argues that the court erred in considering any of the testimony of appellees' value witnesses because they incorrectly assumed the landowner had a right to use this part of the Avenue to service automobiles. Appellant also urges other defects in the testimony of appellees' value witnesses.

The chancellor specifically noted in his opinion that he had discounted certain inadmissible portions of the testimony of the value witnesses. Furthermore, when a witness gives no convincing reasons to justify his estimates as to the worth of property, his testimony is subject to evaluation by this court on trial de novo. *Burns* v. *Meadors,* 225 Ark. 1009, 287 S. W. 2d 893.

Appellees' value witnesses here testified as to the fair market value of the property before and after the taking. Their testimony indicated damages that varied from $22,500.00 to $30,000.00. Dr. Gladden, as a landowner, was not disqualified from giving his value opinion. *Ark. State Highway Comm.* v. *Muswick Cigar & Beverage Co.,* 231 Ark. 265, 329 S. W. 2d 173. According to the record, he had bought and sold considerable property within the city the past year and was familiar with the local real estate market. He testified that the fair market value of the whole parcel was $60,000.00 before the taking and the value of the remainder after the taking was $35,000.00.

Appellant's own expert witness, Mr. Hamilton, testified that appellees were damaged to the extent of $12,500.00 which is considerably nearer the trial court's award of $16,500.00 than the damages estimated by appellees' witnesses.

Therefore, considering only the competent evidence we hold that the decree must be and is affirmed.

Affirmed.