Spears *v.* Rich

5-3943                                                    405 S. W. 2d 929

Opinion delivered September 12, 1966

*James R. Hale,* for appellant.

*Pearson & Pearson,* for appellee.

Osro Cobb, Justice. On April 5, 1946, appellee Rich purchased some 14 lots located in the Braley Addition to the City of Lincoln, Washington County, Arkansas from the State of Arkansas, and received a tax deed thereto. This is an appeal from a decree of the trial court quieting title to the 14 lots in appellee.

Appellants claimed title to these lots under a Sheriff's Deed dated November 8, 1946; also, by adverse possession. Appellants further contend that title should be quieted and confirmed in them. After hearing, the Chancellor found for appellee and entered a decree confirming title in appellee.

On appeal, appellants urged two points for our consideration:

(1) That the original suit was in fact a suit in ejectment brought by appellee, who was not then in possession, and that no equity jurisdiction existed as to the cause of action asserted.

(2) That the Chancellor erred in quieting and confirming title in appellee.

*Appellants' Point 1—The question of equity jurisdiction.*

When appellants answered appellee's complaint and prayed for a decree quieting and confirming their title to the subject lands then in their possession, they themselves sought equitable relief and it gave the equity court jurisdiction as to the entire controversy between the parties. This precise question under identical facts was before this court in an early case, *Goodrum* v. *Ayers,* 56 Ark. 88-93, 19 S. W. 97, (1892) in which we said:

"Conceding that the plaintiff was not in possession of the land, and for that reason could not maintain a suit to quiet title, it cannot avail the appellant; for he filed a cross-bill seeking to quiet his own title, and it gave the court jurisdiction of the entire controversy."

We know of no decision of this court, and certainly appellants have failed to cite any such decision, wherein we have deviated from the rule announced in *Goodrum* v. *Ayers, supra.* Indeed in a considerable number of cases we have followed the rule. For example, see *Not-*

*tingham* v. *Knight,* 238 Ark. 307, 379 S. W. 2d 260 (1964); *Thomason* v. *Abbott,* 217 Ark. 281, 229 S. W. 2d 660 (1950); *Spikes* v. *Ribbard,* 225 Ark. 939, 286 S. W. 2d 477 (1956).

We therefore find no merit in appellants' contentions as to Point 1.

*Appellants' Point 2—The claim of title by adverse possession.*

Appellants' claim to title by adverse possession was not predicated upon their own possession, which was limited to a period of approximately four years, but upon the alleged possession of their predecessor in title, Alvin B. Brown, father of Earline Spears, one of the appellants. We test this factual issue in the light of the proof adduced as between the respective claims on behalf of Alvin B. Brown and appellee.

It is undisputed:

(a) that appellee obtained a tax deed from the State of Arkansas on April 5, 1946 conveying subject lots to him and that said deed was recorded by appellee on April 10, 1946, and that thereafter appellee has paid the annual taxes thereon.

(b) That Brown shortly after appellee recorded the deed and acting upon the advice of his attorney, went to see appellee in an effort to come to some settlement with appellee concerning the lots. Brown testified that appellee demanded $800.00 for the lots and no settlement was made.

(c) Brown testified that he tried to assess the lots but that the assessor refused same for the reason that they were already assessed in the name of appellee.

(d) When a sewer district was formed embracing lands in the vicinity of subject lots and including sub-

ject lots, Brown made no effort at any time to pay benefits assessed for the improvement district against the lots.

(e) Brown gave the sewer district contractor an easement across his farm but never undertook to execute any easement crossing the lots in issue.

(f) When Brown traded with appellants in 1960, he conveyed 10 acres by a warranty deed and conveyed his interest in the lots in controversy by a separate quitclaim deed.

(g) Appellant, Alvia Spears, in the course of his testimony stated that Brown had told him about Mr. Rich's (appellee's) land.

(h) That Brown did not get his deed from the sheriff of Washington County until November 8, 1946, some seven months after the execution and delivery of the deed of the State of Arkansas to appellee, and Brown did not record his sheriff's deed until February 26, 1965, which was after the filing of the instant suit.

(i) That Brown had the lots under fence and in use as a pasture for more than ten years prior to the transfer of his interest to appellants.

Appellee testified that shortly after he had acquired the deed from the State and had filed his deed of record in Washington County, that Brown had come to see him and had asked for his permission to pasture livestock on the land, and that he had given Brown such permission and that thereafter no change had been made in that relationship, the use of the land by Brown being at all times a permissive one. Appellee also testified that he made no charge for Brown's use of the land nor did Brown offer to pay him anything for pasture purposes.

After hearing the evidence introduced, the Chancellor found against appellants on the fact question involving the alleged acquisition of title to subject lands by

adverse possession. We have concluded that this finding against appellants on this issue was supported by a clear preponderance of the evidence and, under such circumstances, such finding will not be disturbed here on appeal. *Orrell* v. *E. C. Barton & Co.,* 240 Ark. 211, 398 S. W. 2d 685 (1966); *Williams* v. *Walker,* 148 Ark. 49, 229 S. W. 28 (1921); *Ellis* v. *Blankenship,* 207 Ark. 739, 182 S. W. 2d 756 (1944).

We therefore find no merit in appellants' contentions as to Point 2.

Having found no merit in any of the contentions of appellants, the decree of the trial court is affirmed.