## Barbara WILLIAMS v. WESTINGHOUSE CREDIT CORPORATION et al

5-5591 468 S. W. 2d 761

Opinion delivered June 28, 1971

*U. A. Gentry,* for appellant.

*Owens, McHaney & McHaney* and *Hale & Fogleman,* for appellees.

LYLE BROWN, Justice. Prior to her demise Mrs. Janet Hesson, mother of appellant Barbara Williams, entered into a conditional sales contract with appellee Poole Trailer Sales, Inc. of West Memphis, Arkansas, for the purchase of a mobile home. The contract was assigned to appellee Westinghouse Credit Corporation. Mrs. Hesson paid each monthly installment until her death in April 1967. After her death the administrator of her estate paid the monthly installments until the mobile home was transferred to appellant in November 1968 in the course of the administration of the estate. Appellant has made no payments on the contract since the transfer and a balance remains due of $3,155.90.

Appellee Westinghouse as assignee of the conditional sales contract filed suit in circuit court praying for judgment against appellant in the sum of $3,155.90 and for sale by the court of the mobile home or surrender to Westinghouse for sale by it pursuant to the Uniform Commercial Code whereby the proceeds would be applied to the payment of the judgment. In the alternative appellee Westinghouse prayed judgment for the recovery of the mobile home, for damages for detention thereof, and for all other proper relief.

Appellant answered the complaint, alleging that the contract entered into by Mrs. Hesson and appellee Poole Trailer Sales was usurious and alleging that Poole Trailer Sales agreed to purchase credit life insurance payable to appellee for the benefit of Mrs. Hesson and failed to do so, all to appellant's damage in the amount

of the remainder due upon the contract. Appellant further denied that appellee Westinghouse was entitled to possession of the mobile home and alleged that the institution of a suit for a money judgment waived the retention of title to the subject property and thereby relegated Westinghouse to its alleged right to a personal judgment. By way of amendment appellant alleged that the sales contract did not reflect the correct purchase price. Appellant prayed, the above premises considered, that appellee Westinghouse take nothing and for all other general and equitable relief to which she was entitled.

On motion of both appellee Westinghouse and appellant Barbara Williams the cause was transferred to chancery court on February 12, 1970, for the reason that certain defenses asserted in the answer and amended answer were equitable in nature. Thereafter, on May 8, 1970, appellant filed a written motion asking that the cause be transferred back to circuit court, alleging that the pleadings did not disclose any equitable grounds for determination of the issues and, therefore, chancery was without jurisdiction. The chancellor denied the motion.

Appellant filed an amended and substituted answer in chancery on May 26, 1970, which made essentially the same allegations as previously made and additionally alleged that Poole Trailer Sales and Westinghouse were jointly and severally liable to the estate of Mrs. Hesson and/or appellant as successor to the rights of the estate. Appellant then prayed that Poole Trailer Sales be made a party to the suit and in the alternative that if Westinghouse be awarded judgment in its favor, appellant Barbara Williams have and recover of and from Poole Trailer Sales a sum equal to the amount awarded. Appellant further prayed for all other general relief to which she might be entitled.

At the opening of the trial on November 2, 1971, appellant again objected to the jurisdiction of chancery to try the cause due to the fact that appellee Westinghouse had filed a suit originally in circuit court in

which a personal judgment was sought against appellant and the impounding of the mobile home and that such a suit was exclusively within the jurisdiction of a court of law. Appellant contended that such an action constituted a waiver of the security interest which Westinghouse had by virtue of the title retaining contract and constituted an election of a remedy inconsistent with a proceeding to foreclose a security interest lien. Appellant further contended that the fact that Westinghouse had admitted to the court at the beginning of the trial that it did not plan to produce any evidence which would subject appellant to a personal judgment but was merely seeking to realize upon the security interest in the mobile home pursuant to the Uniform Commercial Code, affected its right to further proceedings in chancery.

The chancellor overruled the objections to jurisdiction and proceeded with the trial. The chancellor reached the following conclusions of law: That the chancery court had jurisdiction of the parties and subject matter; that the seeking of a personal judgment and sale of the property by the court or by the plaintiff pursuant to the Uniform Commercial Code or alternatively, of a judgment for possession, did not constitute an election of an inconsistent remedy and a waiver or abandonment of its security interest in the collateral; that the dismissal of the cause against appellant for a personal judgment with the consent of Westinghouse at the opening of the trial did not oust chancery of jurisdiction to determine the right of possession of the mobile home; that the evidence was not sufficient to show that Poole Trailer Sales contracted to furnish credit life insurance; that appellant had failed to establish her defense of usury; that payments under the contract were in default; and that Westinghouse was entitled to judgment for possession of the mobile home. The chancellor ordered that Westinghouse be given possession of the mobile home to dispose of it pursuant to the Uniform Commercial Code and apply the proceeds as provided in Ark. Stat. Ann. § 85-9-504 (Add. 1961). The cross-complaint of appellant against Poole Trailer Sales was denied and dismissed.

Now as to the points at issue on appeal. Appellant contends:

(1) That the complaint discloses a cause of action exclusively within the jurisdiction of the circuit court and it was error for the chancellor to refuse to remand;

(2) That if the chancèry court had any jurisdiction it was lost when Westinghouse waived its prayer for personal judgment against appellant; and,

(3) That Westinghouse elected to seek judgment and sale of the property, which election precluded it from thereafter trying to shift to another remedy, namely, to enforce a contractual lien.

The first two points are without merit and can be disposed of in one answer. We have heretofore detailed the pleadings of the parties and the findings of the chancellor and they show beyond question that these issues were before the chancellor at all times:

(1) The request by Westinghouse that the trailer be sold pursuant to the terms of the Uniform Commercial Code;

(2) Appellant's contention that the contract was usurious;

(3) Appellant's assertion that Poole Trailer Sales agreed to purchase credit life insurance on the debtor, Mrs. Hesson, and its failure to do so entitled appellant to judgment over against Poole for any balance due; and,

(4) Appellant's contention that Poole Trailer Sales filled in the signed, blank contract showing the purchase price to be $5010 instead of $4885.

With those multiple issues (some of which were equitable) before the chancellor we simply cannot say that he had no jurisdiction. It seems to be appellant's contention that when Westinghouse waived its prayer for personal judgment against appellant, only a prayer

for possession and sale remained, which was cognizable only in a law court; consequently, a transfer back to law court was mandatory. Appellant is in error. Even if the complaint did not state a proper ground for relief in equity, the answer of appellant supplied the defect. *Spikes* v. *Hibbard,* 225 Ark. 939, 286 S. W. 2d 477 (1956); *Nottingham* v. *Knight,* 238 Ark. 307, 379 S. W. 2d 260 (1964). Appellant's answer alleged that the written contract which was attached to Westinghouse's complaint was not the true contract between Poole and Mrs. Hesson. That answer was, it would appear to us, a request for reformation. Reformation of a contract lies exclusively in chancery court. *Washington Standard Life Ins. Co.* v. *Agee,* 231 Ark. 594, 331 S. W. 2d 261 (1960). Appellant's answer further pleaded usury, an action cognizable in equity which permits the cancellation of the usurious contract. *Bailey* v. *Commerce Union Bank,* 223 Ark. 686, 269 S. W. 2d 314 (1954). Thus appellant invoked the jurisdiction of chancery by pleading equitable defenses in her answer. Having invoked the aid of chancery in matters not wholly beyond equitable cognizance, appellant cannot object to the jurisdiction of that court. *Spikes* v. *Hibbard, supra; Ark. State Highway Comm'n.* v. *Gladden,* 238 Ark. 988, 385 S. W. 2d 934 (1965); and *Nottingham* v. *Knight, supra.* We have in many instances upheld the right of chancery to retain jurisdiction to decide all the issues of both law and equity when there are essential equitable matters to be litigated. *Gregory* v. *Oklahoma Mississippi River Lines, Inc.,* 223 Ark. 668, 267 S. W. 2d 953 (1954).

Appellant relies on *Spitzer* v. *Barnhill,* 237 Ark. 525, 374 S. W. 2d 811 (1964), for the proposition that the case should have been transferred back to circuit court when Westinghouse dropped its pursuit of a personal judgment against appellant. In *Spitzer,* however, all equitable issues were resolved by the chancellor and he then transferred the remaining issue as to tort liability to circuit court. But in the case at hand the parties were in chancery because they requested a transfer of the entire case to equity. Later the appellant requested that the *entire* case, which of course included equitable issues, be retransferred to law court. We agree with the

chancellor that equity had the right, in those circumstances, to retain jurisdiction.

As to appellant's final point, election of remedies, we agree with appellees that the argument fails for two reasons. First, as noted by Professor Eugene F. Mooney in his article, The Old and the New: Article IX, 16 Ark. L. Rev. 145, 151 (1961-62):

> The most significant change in the law of conditional sales contracts is the final and conclusive eradication of the doctrine of election of remedies which has dogged conditional sellers and overjoyed conditional buyers almost since the founding of the State of Arkansas. This was the tricky legacy of the common law: The seller could either sue for damages on the contract *or* rescind and repossess; *but not both.* It was all keyed to title passage. The conditional seller (secured party) could not repossess, sell and get a deficiency judgment for the remainder of the sale price. The article by Robert Anderson and Jim Hale in 4 Ark. L. Rev. 19 (1949-50) at page 27 details this once-flowering branch of the law. With the following language from § 85-9-504(2) the whole limb is lopped off: "If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency."

The fact that Westinghouse asked for a judgment and sale as provided by the UCC and in the alternative for possession is not an election of inconsistent remedies. The Code provides specifically that, "The rights and remedies referred to in this subsection are cumulative." Ark. Stat. Ann. § 85-9-501(1) (Add. 1961).

Second, even if the UCC were not involved, Westinghouse cannot be said to have elected an available remedy. An essential element to an election of remedies is that both remedies are available. *Eastburn* v. *Galyen,* 229 Ark. 70, 313 S. W. 2d 794 (1958). In *Sharpp* v. *Stodghill,* 191 Ark. 500, 86 S. W. 2d 934 (1935), we held

that the pursuit of a remedy which does not in fact exist is not an election but a mistake as to which remedy is available. The mistake may be one of fact or of law. In the case at bar, appellee Westinghouse sought a personal judgment against appellant without knowing that she had not assumed the obligations of the contract between Poole Trailer Sales and her mother, Mrs. Hesson. The remedy of a personal judgment against appellant never being available, Westinghouse did not make an election of an inconsistent remedy.

Affirmed.

FOGLEMAN, J., not participating.