Bob R. SMITH *v.* Gale WHITMIRE
and Dwayne WHITMIRE

81-39                                          617 S.W. 2d 845

Supreme Court of Arkansas
Opinion delivered June 15, 1981
[Rehearing denied July 20, 1981.]

*Elrod & Lee*, by: *John R. Elrod*, for appellant.

*Thomas J. Tucker*, for appellees.

FRANK HOLT, Justice. Appellees brought this action in chancery court to establish and foreclose an equitable lien on 50 shares of corporate stock which they had sold to appellant. The chancellor, upon stipulated facts, found the issue in favor of the appellees, ordered a public sale of the stock if necessary to pay the judgment, and a deficiency judgment should the proceeds of the sale be insufficient.

Appellees owned 5% each (25 shares) of the corporate stock of Delco Manufacturing Co., Inc. appellant owning the other 90%. When the appellees terminated their employment with the corporation, they agreed to sell appellant their stock for $1,000 per share, or $25,000 to each appellee. The written agreement provided that $5,000 would be paid to each appellee upon execution of the contract, which was done. The remaining $20,000 due each appellee was to be paid in 4 annual installments of $5,000 each. These installments were secured by separate promissory notes, bearing no interest, which provided that time was of the essence and upon default the appellees could, without notice or demand,

declare the entire unpaid amount immediately due and payable. The sale contract itself provided that upon default of any installment payment, any and all balances due would become due and payable immediately. The notes and the stock certificates were placed in escrow with a local bank.

The first annual installment, due November 10, 1979, was not paid on that date. Within a few days, appellees attempted to inform appellant by certified letter that the entire balance was immediately due, but the letter was returned. They then so notified him by a hand delivered letter of November 24. On November 30, appellant's wife paid $10,000 to the bank in cash. However, the bank telephoned her later that day and informed her it was under instructions not to accept any payments and instructed her to return for the payment made, which she did.

Appellees filed this action seeking to enforce an equitable lien on the stock. Appellant answered, asserting the affirmative defenses of waiver and estoppel. He subsequently filed a motion to dismiss, alleging lack of subject matter jurisdiction. This motion was overruled. The chancellor awarded the relief sought, finding appellant was in default; appellees were entitled to declare the entire unpaid balance due and payable; and appellant had failed to show any waiver of appellees' right to prompt payment or to declare the balance due or any conduct which would estop them from insisting on their rights under the notes and contract.

Appellant first asserts that the chancery court erred in refusing to grant his motion to dismiss, for lack of subject matter jurisdiction, and transfer the matter to the circuit court. He argues that the transaction here is governed by the Uniform Commercial Code, a recent statutory scheme not contemplated by our 1874 Arkansas Constitution. Inasmuch as case law has interpreted the Constitution as limiting jurisdiction of equity courts to that which they could exercise at the time the Constitution was adopted, appellant contends the equity court here had no jurisdiction. Furthermore, there was an adequate remedy at law.

Art. 7, §§ 1 and 15, Arkansas Constitution (1874),

authorizes the legislature to create courts of chancery and vest them with jurisdiction "in matters of equity," although the legislature cannot add to nor reduce that jurisdiction. *Hester* v. *Bourland*, 80 Ark. 145, 95 S.W. 992 (1906); *Gladish* v. *Lovewell*, 95 Ark. 618, 130 S.W. 579 (1910); and *Nethercutt* v. *Pulaski Co. Spl. Sch. Dist.*, 248 Ark. 143, 450 S.W. 2d 777 (1970). Jurisdiction "in all manners of equity" is vested in the chancery courts. Ark. Stat. Ann. § 22-404 (Repl. 1961). Even if courts of law are given jurisdiction of a case of which equity originally had jurisdiction, this does not divest equity of jurisdiction but the two have "concurrent jurisdiction." *Titan Oil and Gas* v. *Shipley*, 257 Ark. 278, 517 S.W. 2d 210 (1974); *Vaughan* v. *Hill*, 154 Ark. 528, 242 S.W. 826 (1932); and *German National Bank* v. *Moore*, 116 Ark. 490, 173 S.W. 401 (1915). This is true even though the remedy given at law might be adequate. *Hempstead & Conway* v. *Watkins, Adm'r of Byrd*, 6 Ark. 317 (1845). An action to enforce an equitable lien is certainly an action cognizable in equity. Finally, we, also, note that appellant raised equitable defenses in his answer; i.e., waiver or estoppel. This in itself makes the case one properly heard in equity unless equity is wholly without jurisdiction under all circumstances. *Spikes* v. *Hibbard*, 225 Ark. 939, 286 S.W. 2d 477 (1956); and *Nottingham* v. *Knight*, 238 Ark. 307, 379 S.W. 2d 260 (1964). We hold the chancellor correctly held he had jurisdiction of the subject matter of this action.

Appellant next asserts that the chancellor erred in finding a sufficient material breach of the agreement by appellant as "would warrant judgment and foreclosure." He argues that he was a "busy man," he was out of the country between November 10 and November 24, and that his wife delivered the delinquent payment to the bank just 6 days after he received the letter. This, he contends, was sufficient excuse to relieve the "forfeiture." Although a court of equity will tend to relieve the hardships of acceleration of maturities, there must be circumstances to indicate such relief is warranted. *Mitchell and Shaw* v. *The Federal Land Bank of St. Louis, Missouri*, 206 Ark. 253, 174 S.W. 2d 671 (1943). Furthermore, an acceleration clause is not treated as a forfeiture clause, but as a "stipulation for a period of credit on condition." *Mitchell and Shaw* v. *The Federal*

*Land Bank of St. Louis, Missouri, supra.* Here, the appellees, minority stockholders of their corporate employer, contracted to sell their stock to appellant, who owned the balance. It was expressly stated in the sales contract and promissory notes, which bore no interest, that time was of the essence of the contract and the unpaid balance would be due and payable upon default. That was the clear intention of the parties. Neither has appellant demonstrated a waiver or estoppel as to that intention. From the nature and circumstances of this case, we cannot say the chancellor's finding is against the preponderance of the evidence.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because I think this is clearly an action on debt for the purpose of collecting a promissory note. No mortgage was given nor was any financing statement filed. The parties simply made an agreement and turned the certificates over to the Arkansas State Bank for safekeeping until the debt was paid. No papers were filed at the county courthouse. No one claims a mortgage ever existed. Therefore, this could not have been a foreclosure action.

There is no question but at the time of the adoption of the 1874 Constitution there was in existence a remedy at law for collecting on a debt. That remedy was to sue in the circuit court. Such procedure being vested in the circuit court at the time of the adoption of the Constitution, it would be illegal to attempt to give the chancery court jurisdiction of such subject matter.

Additionally, it is established law in Arkansas that if an adequate remedy exists at law, courts of equity have no jurisdiction. *Fenton* v. *Halliday*, 172 Ark. 517, 289 S.W. 2d 482 (1927). Also, *Nethercutt* v. *Pulaski Co. Spl. Sch. Dist.*, 248 Ark. 143, 450 S.W. 2d 777 (1970).

Therefore, if equity had jurisdiction, certainly it had a duty to do equity. The court should have granted a

reasonable time for the appellant to make his payment. In any event, he should be allowed time to pay the balance on the stock because it has all been declared due.