Evelyn R. GREEN et al *v.* Mac CARDER, Administrator of the Arkansas Alcoholic Beverage Control Division et al

82-77                                        637 S.W.2d 594

Supreme Court of Arkansas
Opinion delivered July 19, 1982

*Jack T. Lassiter,* for appellants.

*Friday, Eldredge & Clark,* by: *Joe D. Bell,* for appellee Edward Stewart Allen.

*Donald R. Bennett,* for appellee ABC Division.

CLINT HUEY, Special Justice. The Alcoholic Beverage Control Board granted a license to the Heights Liquor Store located at 5008 Kavanaugh Boulevard in Little Rock, Arkansas, on March 20, 1980. Appellants immediately filed a petition for review in Pulaski County Circuit Court wherein they challenged the decision of the ABC Board. Appellants relied upon Ark. Stat. Ann. § 5-713 (Supp. 1980) as well as Ark. Stat. Ann. § 48-311 (E) (Repl. 1977) in their appeal to the circuit court. The trial court required them to elect which statute they would use as their remedy. They chose Ark. Stat. Ann. § 48-311 (E). Some months thereafter the Supreme Court of Arkansas declared the *de novo* portion of this statute unconstitutional. Appellants then sought to transfer their cause to Ark. Stat. Ann. § 5-713. The court denied the request holding their election of remedies to be irrevocable and dismissed the petition.

On appeal the single point relied upon is that the court

erred in granting the appellees' motion to dismiss because they had elected a remedy which was subsequently abolished.

At the time the appellants filed their complaint they had two avenues of approach in order to obtain a review and possible reversal of the ABC Board decision. Upon motion of the ABC Board the court required appellants to elect which remedy they would follow, and they elected Ark. Stat. Ann. § 48-311 (E). Under this statute they thought they would have been allowed a complete *de novo* hearing in circuit court rather than a review of the ABC Board's decision. Under Ark. Stat. Ann. § 5-713 the decision of the board is reviewed by the court and a decision is rendered based upon the record made before the board. This court subsequently ruled unconstitutional that portion of Ark. Stat. Ann. § 48-311 (E) which granted a *de novo* trial insofar as it disregarded the findings of the board.

We must decide whether the appellants were entitled to proceed under either remedy or whether their right to appeal under Ark. Stat. Ann. § 48-311 (E) was abolished by the ruling in *Goodall* v. *Williams,* 271 Ark. 354, 609 S.W.2d 25 (1980). Neither side has been able to locate a case from any jurisdiction precisely on point. Therefore, we must decide this issue for the first time in this case. The appellants have cited cases which hold that when a plaintiff mistakenly selects a remedy that does not exist he has not made an election. *Williams* v. *Westinghouse Credit Corp.,* 250 Ark. 1065, 468 S.W.2d 761 (1971). To the same effect see *Sharpp* v. *Stodghill,* 191 Ark. 500, 86 S.W.2d 934 (1935). Appellants also cited cases from other jurisdictions which hold that the election of a remedy which did not exist was no election at all.

"We have generally held that when a statute is declared unconstitutional it must be treated as if it had never been passed." *Huffman* v. *Dawkins,* 273 Ark. 520 at p. 527, 622 S.W.2d 159 (1981), citing *Morgan* v. *Cook,* 211 Ark. 755, 202 S.W.2d 355 (1947); *State* v. *Williams-Echols Dry Goods Co.,* 176 Ark. 324, 3 S.W.2d 340 (1928); and *Cochran* v. *Cobb,* 43 Ark. 180 (1884).

We have consistently held that "an essential element to an election of remedies is that both remedies are available." *Williams* v. *Westinghouse Credit Corporation,* 250 Ark. 1065, 468 S.W.2d 761 (1971), quoting *Eastburn* v. *Gaylen,* 229 Ark. 70, 313 S.W.2d 794 (1958). We have also stated that the pursuit of a remedy which does not exist is not an election but only a mistake as to an available remedy. The mistake may be one of fact or of law. *Williams* v. *Westinghouse, supra,* citing *Sharpp* v. *Stodghill, supra. See* also, Restatement, Judgments, § 62, and Restatement, Contracts, § 383, to the effect that the remedy relied on as a bar must have been available to the elector.

We hold that the remedy sought was declared unconstitutional and we must treat the litigants as though that statute had never been passed. The elected remedy was not available to appellants and, therefore, there was only a mistake, not an irrevocable election of remedies.

The exception concerning a mistake of law or fact was clearly recognized in *Dudley E. Jones Co.* v. *Daniel,* 67 Ark. 206, 53 S.W. 890 (1899), where the court stated:

But to this rule there is the exception, based on reason and justice, that an election made without fault, and in ignorance of material facts, is not binding, when no other person's rights have been affected thereby.

Therefore, the proper remedy is to reinstate the petition of the appellants and allow the court to continue from that point.

Reversed and remanded.

HOLT, J., not participating.

HAYS, J., not participating.

TROY HENRY, Special Justice, joins in the opinion.