Carroll GRAVETT, Sheriff of Pulaski County, Arkansas *v.* Meyer MARKS, Individually and On Behalf of All Others Similarly Situated

90-314                                    803 S.W.2d 551

Supreme Court of Arkansas
Opinion delivered February 18, 1991

*Larry D. Vaught*, for appellant.

*Central Arkansas Legal Services*, by: *Griffin J. Stockley*

and *Lynn Pierce*, for appellees.

DAVID NEWBERN, Justice. The chancellor held that Sheriff Carroll Gravett had no authority to cure a constitutionally deficient post-judgment execution statute by requiring notice to garnishees not required by the statute. The chancellor was correct. The decision is affirmed.

The Sheriff designed a notice form to supply the constitutional deficiency in Ark. Code Ann. §§ 16-66-211 and 16-66-401 (1987). The form was used in conjunction with service of judgment execution documents upon appellee Meyer Marks. The chancellor held the service on Marks was invalid due to the invalidity of the statute on which it was based, and the constitutional deficiency was not supplied by actual notice to Marks of items constitutionally required.

The Sheriff appeals relying on two cases. In *Duhon v. Gravett*, 302 Ark. 358, 790 S.W.2d 155 (1990), the decision declaring our post-judgment execution law constitutionally deficient for lack of a requirement of proper notice, we wrote "it is the lack of a requirement of notice to the judgment debtor that makes statutory provisions constitutionally deficient. With proper notice to the judgment debtor, that aspect of the due process mandate of the 14th amendment is satisfied." In *Kennedy v. Kelly*, 295 Ark. 678, 751 S.W.2d 6 (1988), we held that a garnishee had no standing to challenge the garnishment law on the basis of violation of the debtor's constitutional entitlement to notice. In the process of reaching that holding we discussed *Davis v. Paschall*, 640 F.Supp. 198 (E.D. Ark. 1986), and the consent decree approved in that case which related to the manner of supplying constitutionally sufficient notice in post-judgment garnishment proceedings.

The holdings in the *Duhon* and *Kennedy* cases remain correct. We did not intend, in *obiter dicta* or otherwise, to suggest that a property seizure proceeding based on a statute which has been declared unconstitutional may succeed. We have held in many cases that "when a statute is declared unconstitutional it must be treated as if it had never been passed." *Green v. Carder*, 276 Ark. 591, 637 S.W.2d 594 (1982); *Huffman v. Dawkins*, 273 Ark. 520, 622 S.W.2d 159 (1981); *Morgan v. Cook*, 211 Ark. 755, 202 S.W.2d 355 (1947). Actual notice is

insufficient where a notice statute is constitutionally insufficient. *Wuchter* v. *Pizzuti*, 276 U.S. 13 (1928).

Affirmed.